**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02914-JLK-MEH

TRACY HOUSTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## DEFENDANT'S CONSOLIDATED MOTION IN LIMINE

    Defendant the United States of America respectfully submits, pursuant to the Amended Pretrial Order (ECF No. 51) and the Minute Order dated August 24, 2020 (ECF No. 54), this Consolidated Motion in Limine.  This case arises under the Federal Tort Claims Act ("FTCA") and centers on a motor vehicle accident involving Plaintiff and a driver for the United States Postal Service, in which Plaintiff seeks categories of damages including pain and suffering, past medical expenses, future medical expenses, and physical impairment.

    This motion arises from concerns that Plaintiff may attempt at trial to offer evidence or argument about damages categories that are not at issue, or to seek damages awards in categories that would be improper.  Defendant first requests that the Court exclude any evidence or argument concerning Plaintiff's purported lost earnings or earning capacity—categories of damages that Plaintiff has made clear throughout this case, in multiple ways, that Plaintiff was and is *not* seeking as part of her claim.

1

Defendant also requests that the Court exclude any evidence or argument that Plaintiff may seek to present to show that her pain and suffering, emotional stress, or other claimed non-physical issues or symptoms amount to "physical impairment or disfigurement," under Colorado law. Colorado law makes clear that "physical impairment or disfigurement" is a special, narrow category of noneconomic damages that does *not* encompass pain and suffering, emotional stress, or other claimed non-physical issues or symptoms.

### CERTIFICATE OF CONFERRAL AND NOTICE OF ADDITIONAL STIPULATIONS

Pursuant to D.C.COLO.LCivR 7.1(a) and Section III.A of the Court's Pretrial and Trial Procedures for Civil Cases, counsel for Defendant certify that they conferred with counsel for Plaintiff via email on August 21 and 24, 2020, and by telephone on August 31, 2020. Plaintiff's counsel indicated that Plaintiff opposes this motion.

The parties have, however, narrowed the issues. They conferred and agree that neither side will present evidence or argument at trial concerning: (i) any traffic citation that any party may have received as a result of the motor vehicle accident at issue in this case; or (ii) any collateral source payments or benefits, including the amounts of such benefits and the fact of their being provided.

The parties have also conferred regarding exhibits to be offered at trial. As indicated in the unified exhibit list that was filed today (ECF No. 57-2), the parties have stipulated to exhibits where possible and will continue to confer in good faith to narrow or eliminate objections to exhibits in advance of trial. The parties' objections to exhibits at this time are reflected in the unified exhibit list.

**I.   THE COURT SHOULD EXCLUDE EVIDENCE AND ARGUMENT CONCERNING LOST EARNINGS AND EARNING CAPACITY BECAUSE PLAINTIFF HAS MADE CLEAR, THROUGHOUT THIS CASE, THAT SHE IS NOT SEEKING THOSE CATEGORIES OF DAMAGES.**

**A. Plaintiff has explicitly disclaimed that lost earnings and earning capacity are at issue in this case.**

The Federal Rules of Civil Procedure require a plaintiff to clarify the scope of a claim for damages from the outset of the case. Rule 26(a)(1)(A)(iii) requires the prompt disclosure of "each category of damages claimed by the disclosing party . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). A party may correct or supplement this initial disclosure, but only if done "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A).

Once a pretrial order is entered in a case, that order supersedes the operative complaint and "controls the subsequent course of litigation." *Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019) (explaining that the final pretrial order "measures the dimensions of the lawsuit, both in the trial court and on appeal.'") (quoting *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997)). The pretrial order is the means by which counsel "define the issues of fact and law to be decided at trial, and it binds counsel to that definition." *R.L. Clark Drilling Contractors, Inc. v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987); *see* ECF No. 51 (Amended Pretrial Order in this case stating that it will "control the subsequent course of this action and the trial").

During the course of this case, Plaintiff disclosed various categories of damages she claimed to have suffered as a result of the accident, but her disclosures indicated that her claim did *not* include lost earnings or earning capacity. The Complaint indicated that Plaintiff was seeking damages for "[p]ast, present, and future loss of earnings and earning capacity," ECF No.

3

1. at 5; Plaintiff's first Rule 26(a) disclosures similarly indicated that her damages included past and future lost earnings and earning capacity, but in several subsequent supplemental disclosures, submitted between April 24, 2019 and July 29, 2020, Plaintiff consistently *excluded* lost earnings and earning capacity from her damages calculation. Not only that, but Plaintiff's interrogatory responses explicitly disclaimed any damages claim for lost earnings or earning capacity. *See* Ex. A (excerpt of Plaintiff's discovery responses dated November 18, 2019 stating, on pages 14-15, that "Plaintiff is not claiming past or future lost wages or lost earning capacity" and "Plaintiff is not pursuing a lost wage claim").

Plaintiff's position that her claim does not include earnings or earning capacity was further made clear in the Scheduling Order. The Court's instructions for preparing a scheduling order instruct the parties to "[i]nclude a computation of all categories of damages sought and the basis and theory for calculating damages." But Plaintiff's statement of claims and computation of damages in the Scheduling Order (ECF No. 21) contain no mention of lost earnings or earning capacity or any claim for such damages.

Finally, the Amended Pretrial Order does not include any mention by Plaintiff of lost earnings or earning capacity, nor any suggestion that she is seeking damages therefor. *See* ECF No. 51 at 3 (Plaintiff's statement that she is seeking "past and future economic damages, past and future non-economic damages, and past and future physical impairment" as well as costs and interests allowed by law).

    **B. Evidence relating to Plaintiff's purported lost earnings or earning capacity is irrelevant and should be excluded.**

Because Plaintiff has made clear throughout this case that her claim does not seek purported lost earnings or earning capacity, and because the operative Amended Pretrial Order

4

does not include any mention of those damages categories, any evidence of those damages is irrelevant, and the Court should exclude evidence or argument suggesting that Plaintiff is entitled to such damages.

Evidence is inadmissible if it is not relevant to the specific claims at issue in the case. *See* Fed. R. Evid. 402; *Forte v. Schwartz*, No. 1:13-cv-01980-LJO-MJS, 2018 WL 10637031, at *1 n.1 (E.D. Cal. Feb. 21, 2018), *aff'd*, 791 F. App'x 674 (9th Cir. Jan 28, 2020). Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Even relevant evidence, however, may be excluded if its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, or wasting time, among other considerations. *See* Fed. R. Evid. 403.

Where a plaintiff seeks to introduce evidence as to a category of damages that the plaintiff has not sought, the court may exclude the evidence as irrelevant to the plaintiff's claims. *See Ehsan v. Patel*, No. 06-2174-JPO, 2008 WL 11443104, at *1-2 (D. Kan. Apr. 18, 2008); *see also, e.g.*, *Lopez v. Chula Vista Police Dept.*, No. 07cv1272–WQH–BLM, 2010 WL 685014, at *6 (S.D. Cal. Feb. 18, 2010) (granting motion in limine to exclude evidence and reference to any purported damages not stated in the final pretrial order). In *Ehsan*, the plaintiff brought a dental malpractice action alleging that a dentist, by using excessive force when trying to extract one of plaintiff's wife's teeth, caused substantial damages. *See id.* at *1. As set out in the final pretrial order, the plaintiff only sought damages for medical expenses; non-economic losses including, *inter alia*, pain and suffering, disfigurement and loss of enjoyment of life; and loss of consortium. *See id.* at *2. The dentist argued that if the plaintiff sought to "open the door" by suggesting his family suffered a financial detriment associated with the alleged injuries, the

5

dentist should be allowed to admit income tax returns into evidence. *See id.* The court granted the plaintiff's motion to exclude this evidence, reasoning that it was irrelevant because the plaintiff was not seeking lost wages damages. *See id.* The court also noted that any attempt by plaintiff to suggest financial detriment would "very likely" be rejected as irrelevant to the claims at issue. *See id.*

Plaintiff may argue that the facts surrounding her purported lost earnings or earning capacity following the accident are somehow relevant to other issues in the case. But evidence of lost earnings and earning capacity relates to a plaintiff's inability to work, *see, e.g.*, *Moyer v. Merrick*, 392 P.2d 653, 656 (Colo. 1964); *Heckman v. Warren*, 238 P.2d 854, 861 (Colo. 1951), which under Colorado law is considered *separately* from physical impairment and other damages categories, *see, e.g.*, Colorado Pattern Civil Jury Instructions 6:1 (instructing that a plaintiff's economic losses or injuries, such as loss of earnings or damage to her ability to earn money in the future, should be considered separately from physical impairment and noneconomic damages).

Even if Plaintiff's alleged lost earnings or earning capacity were somehow relevant to claims for damages that *are* at issue in this case, any probative value would be outweighed by the significant danger of unfair prejudice, confusion of the issues, and waste of the Court's time at trial. *See* Fed. R. Evid. 403.[1]

---

[1] As discussed above, any evidence of Plaintiff's lost earnings and earning capacity should be excluded, as those damages were not included in the claims in the Amended Pretrial Order. Alternatively, exclusion would be proper under Rule 37(c), which prohibits the use of evidence not disclosed under Rule 26(a) or (e) at trial unless the failure was "substantially justified or is harmless." Exclusion under this rule is at the court's discretion, guided by four factors: (1) prejudice or surprise to the party against whom the testimony is offered, (2) the ability of the party to cure the prejudice, (3) the extent to which introducing the evidence would disrupt trial,

The Court should exclude any evidence or argument concerning Plaintiff's lost earnings or earning capacity trial.

## II. THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT THAT PAIN AND SUFFERING, EMOTIONAL STRESS, OR OTHER NON-PHYSICAL DAMAGES ARE "PHYSICAL IMPAIRMENT OR DISFIGUREMENT."

The Court should also exclude any evidence or argument that Plaintiff's pain and suffering, emotional stress, or any other claimed non-physical damages constitute physical impairment or disfigurement. Allowing such evidence and argument would be contrary to applicable Colorado law, would open the door to an impermissible damages recovery by Plaintiff, and would risk confusing the issues and wasting time at trial.

Subject to certain exceptions, Colorado state law on damages supplies the substantive tort law at issue in this FTCA case. *See* 28 U.S.C. § 2674. Under Colorado law, damages based on "physical impairment or disfigurement" are separate from other types of noneconomic damages. *See* Colo. Rev. Stat. § 13-21-102.5(3)(a), (5).

Colorado law distinguishes between physical impairment damages and other types of noneconomic damages. Noneconomic damages encompass "nonpecuniary harm for which damages are recoverable," including "pain and suffering, inconvenience, emotional stress, and impairment of the quality of life." *Id.* § 13-21-102.5(2)(b).

---

and (4) the offering party's bad faith or willfulness. *See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Here, the *Woodworker's Supply* factors weigh in favor of excluding such evidence in light of the fact that Plaintiff abandoned her lost earnings and earning capacity damages claims very early in this litigation, that Defendant relied on Plaintiff's disclosures and interrogatory responses omitting and disclaiming those damages claims in conducting pretrial discovery, and considering the disruption attendant to the presentation and rebuttal of evidence regarding those long-abandoned damages claims at trial.

7

In contrast, damages for physical impairment are more specific, and relate to a loss (or diminishment) of one's physical function or ability, or physical disfigurement. "Impairment" refers to a loss of function or ability. *See, e.g.,* "Impairment," *Merriam-Webster.com Dictionary*, Merriam-Webster, https:///www.merriam-webster.com/dictionary/impairment (last accessed Sept. 1, 2020) (defining "impairment" as "the act of impairing something or the state or condition of being impaired: *diminishment or loss of function or ability*") (emphasis added). Moreover, under Colorado law, this special category of impairment damages is limited to *physical* impairment or disfigurement.

A loss of physical function or ability or physical disfigurement thus is distinct from non-physical issues or complaints such as pain, emotional distress, or other reductions to the quality of one's everyday life. *See* Colo. Rev. Stat. § 13-21-102.5(3)(a), (5). Colorado courts that have interpreted Section 13-21-102.5 agree that physical impairment or disfigurement damages are distinct from other kinds of noneconomic damages, such as those stemming from issues such as pain or mental suffering. For example, in *Cooley v. Paraho Development Corp.*, the Colorado Court of Appeals analyzed the statutory language discussed above and explained that "[t]his statute . . . establishes three separate categories of loss for which damages may be awarded in a personal injury action—economic damages, noneconomic damages, and damages for physical impairment or disfigurement." 851 P.2d 207, 210 (Colo. App. 1992), *aff'd sub nom. Gen. Elec. Co. v. Niemet*, 866 P.2d 1361 (Colo. 1994). The court upheld an instruction to the jury that noneconomic damages were for (among other things) physical and mental pain and suffering and emotional stress, and that they should not consider physical impairment in awarding noneconomic and economic damages. *See id.*; *see also Herrera v. Gene's Towing*, 827 P.2d 619,

620-21 (Colo. App. 1992) ("[I]t is necessary to determine separately damages of a noneconomic nature for physical impairment and disfigurement from the noneconomic loss or injury defined in § 13-21-102.5(2)(b).").

Colorado's Pattern Civil Jury Instructions, too, make clear that physical impairment or disfigurement are distinct from other noneconomic losses or injuries—including for "physical and mental pain and suffering, inconvenience, emotional stress, impairment of the quality of life," and any other recoverable noneconomic injuries. Colo. Pattern Jury Instructions for Civil Cases 6:1. They further specify that such noneconomic losses or injuries should *not* be included again in the category of physical impairment damages. *See id*.

The purpose for considering physical impairment damages separately from other noneconomic damages is so the court can give effect to the statutory cap for noneconomic damages. *See id.* cmt. 10 (to enable the court to apply the statutory noneconomic damages cap before judgment, the jury must be instructed separately as to economic, noneconomic, and physical impairment damages). Noneconomic losses are ordinarily subject to a statutory cap of $468,010.[2] *See* Colo. Rev. Stat. § 13-21-102.5(3)(a), (c)(I)-(III); State of Colorado Certificate (Jan. 14, 2020) ("Colorado Certificate") (listing inflation-adjusted statutory damages cap amounts), *available at* https://www.sos.state.co.us/pubs/info_center/files/damages_new.pdf. The Colorado General Assembly made clear that this statutory cap is meant to limit noneconomic damages awards in civil cases, which are often unduly burdensome to "the economic, commercial, and personal welfare of persons in this state." Colo. Rev. Stat. § 13-21-102.5(1).

---

[2] In unusual circumstances, the court may increase this statutory cap to a maximum of $936,030, but only where the court finds justification for the increase "by clear and convincing evidence." Colo. Rev. Stat. § 13-21-102.5(b)(3)(a); *see* Colorado Certificate.

In contrast, damages for the much narrower category of physical impairment are not statutorily capped. *See* Colo. Rev. Stat. § 13-21-102.5(5) ("Nothing in this section shall be construed to limit the recovery of compensatory damages for physical impairment or disfigurement.").

Given this clear distinction under Colorado law between *physical* impairment or disfigurement, and all the other types of noneconomic damages, it would be improper for Plaintiff to argue that she is entitled to a physical impairment damages award based on evidence of pain, stress, lack of quality of life, or other mental or non-physical issues. Allowing such evidence or argument also would potentially allow Plaintiff to make an end-run around the statutory cap for noneconomic damages, by claiming that her noneconomic pain and suffering damages, mental distress, or otherwise *non-physical* issues are compensable as *physical* impairment, a damages category which is *not* capped. This end-run would contravene the General Assembly's purpose, in enacting the cap, to limit overly burdensome noneconomic damages awards for things such as pain and mental suffering.

There is no probative value to evidence that Plaintiff's pain or non-physical issues or symptoms constitute physical impairment. As discussed above, Plaintiff is not entitled to recover physical impairment damages based on non-physical complaints and injuries as a matter of law. Any probative value this evidence *might* have would be substantially outweighed by the risk of confusing the issues and would be a poor use of the Court's time at trial. *See* Fed. R. Evid. 403. Evidence and argument that Plaintiff's pain and mental or non-physical symptoms or issues constitute physical impairment should be excluded at trial.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court issue an order precluding Plaintiff from offering at trial any evidence or argument (i) of alleged lost earnings or earning capacity, which Plaintiff has made clear are not at issue in this case; and (ii) purporting to show that damages for pain and suffering, emotional stress, and other non-physical symptoms or issues constitute "physical impairment or disfigurement."

Dated: September 1, 2020.                Respectfully submitted,

                                         JASON R. DUNN
                                         United States Attorney

                                         *s/ Jane E. Bobet*
                                         **Jane E. Bobet**
                                         **V. William Scarpato III**
                                         Assistant United States Attorneys
                                         1801 California Street, Suite 1600
                                         Denver, Colorado  80202
                                         Telephone: (303) 454-0100
                                         Fax: (303) 454-0407
                                         Jane.Bobet@usdoj.gov
                                         Victor.Scarpato@usdoj.gov

                                         Attorneys for Defendant United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven.Shapiro@OMTrial.com
Amanda.Hood@OMTrial.com
Mike.Ogborn@OMTrial.com

                                              *s/ Jane E. Bobet*
                                              Jane E. Bobet